IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DAVID MORRIS,

        Plaintiff,

v.                                    Civil Action No. 5:13CV15
                                                         (STAMP)
PHILOMENA ALDERSON and
MARIA M. SAUNDERS,

        Defendants.


                   **MEMORANDUM OPINION AND ORDER**
                   **GRANTING MOTION TO DISMISS**

                    I.  Procedural History

    The plaintiff, David Morris, filed this civil action in the Circuit Court of Wetzel County, requesting damages as the result injuries that the plaintiff allegedly suffered as a result of an automobile accident in Monongalia County, West Virginia. The plaintiff alleges that his injuries were the result of the negligence of defendant Maria Saunders ("Saunders") in the manner that she was operating the vehicle in which she was traveling. The complaint alleges that defendant Philomena Alderson ("Alderson") is the owner of the vehicle that was operated by Saunders at the time of the collision. The defendants timely removed this civil action to this Court pursuant to the provisions of 28 U.S.C. § 1441, claiming diversity jurisdiction under 28 U.S.C. § 1332.

    Following removal of this action, defendant Alderson filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff has not responded to the motion to dismiss. For the reasons that follow, this Court finds that the

plaintiff has failed to state a claim upon which relief can be granted against defendant Alderson. As such, defendant Alderson's motion to dismiss is granted and she will be dismissed from this civil action.

## II. Facts

The plaintiff alleges in his complaint that, on September 3, 2010, he was operating a 2007 Mack CL 700 tractor trailer, and was traveling south on Interstate 79 in Morgantown, Monongalia County, West Virginia. Also at this time and place, defendant Saunders operating a 2005 Volvo O owned by defendant Alderson, and was also traveling south on Interstate 79. The complaint alleges that at this time and place, defendant Saunders "negligently, illegally, and improperly operated" the vehicle owned by defendant Alderson, causing a collision between her vehicle and the vehicle that the plaintiff was operating. Specifically, the plaintiff alleges that the collision was the "direct and proximate result" of defendant Saunders' speed, failure to maintain control of the vehicle, and an unsafe or prohibited lane change. The plaintiff claims that he suffered bodily injuries as a result of the collision and requests damages as a result, as well as compensation for alleged mental anguish, pain and suffering, diminished wages, future loss of income, and loss of ability to enjoy life.

### III. Applicable Law

A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 47 (1957). Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations

3

must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

## IV. Discussion

### A. Motion to Dismiss

Defendant Alderson argues that the plaintiff's complaint should be dismissed as to her because it does not state any allegations of wrongdoing on her part, nor does it raise any allegations which could result in her liability for any wrongdoing of defendant Saunders. This Court agrees.

As noted above, the plaintiff's complaint alleges that the automobile collision in question, and as a result, plaintiff's injuries, were directly and proximately caused by the negligence of defendant Saunders. The complaint does not allege that defendant Alderson committed any wrongdoing in relation to the collision, or even that she was present on the day of the collision. Further, the complaint does not allege that defendant Alderson is liable for the actions of defendant Saunders through respondeat superior or any other theory of vicarious liability. In fact, the sole allegation made against defendant Alderson in the plaintiff's complaint is that she was the owner of the car that defendant Saunders was operating at the time of the collision. Such an allegation is insufficient to hold defendant Alderson liable for the actions of defendant Saunders. See Price v. Halstead, syl. pt. 9, 355 S.E.2d 380 (W. Va. 1987). As such, defendant Alderson's motion to dismiss is granted.

## V. <u>Conclusion</u>

For the reasons stated above, defendant Alderson's motion to dismiss is GRANTED.  Defendant Philomena Alderson is thus DISMISSED as a defendant in this civil action.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 11, 2013

<u>/s/ Frederick P. Stamp, Jr.</u><br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE